[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13480
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00005-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR SOL BAZADONI-LOA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2007)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Hector Sol Bazadoni-Loa appeals his 27-month sentence for illegally re-entering into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Bazadoni-Loa asserts, for the first time on appeal, that his sentence is cruel and unusual punishment because sentencing him to prison serves "no legitimate purpose" when he will ultimately be deported. Additionally, he contends his sentence is greater than necessary in light of the factors in 18 U.S.C. § 3553(a). We affirm Bazadoni-Loa's sentence.

## I. DISCUSSION

### A. *Cruel and unusual punishment*

We review constitutional objections not raised before the district court for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005). Under the plain error standard of review, if an error is plain and affects the defendant's substantial rights, then we may "exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1019 (internal quotations omitted). "When neither the Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *Id.*

All individuals convicted of crimes are protected against the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. In reviewing a sentence

to determine if it is in violation of the Eighth Amendment, we "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." *Moriarty*, 429 F.3d at 1024. "In general, a sentence imposed within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* (internal quotations omitted).

Bazadoni-Loa pled guilty to illegally reentering the United States after having been removed subsequent to a conviction for commission of an aggravated felony, an offense that, by statute, carries a maximum term of imprisonment not to exceed 20 years. 8 U.S.C. § 1326(b)(2). Since Bazadoni-Loa's sentence is well below the statutory maximum, and neither the Supreme Court nor this Court has held that incarceration for a violation of 8 U.S.C. § 1326 constitutes cruel and unusual punishment, the district court did not plainly err in sentencing Bazadoni-Loa to 27 months' incarceration.

B. *Reasonableness*

When we review a sentence for reasonableness, we are deferential to the district court and the burden rests with the defendant to prove his sentence is unreasonable. *United States v. Bonilla*, 463 F.3d 1176, 1180 (11th Cir. 2006). "[W]e recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the

advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). When imposing a sentence, the district court must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," the advisory Guidelines range, and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

The district court correctly determined the advisory Guidelines range of 21 to 27 months' imprisonment. Bazadoni-Loa was sentenced to 27 months' incarceration, a period within the Guidelines range and well below the statutory maximum of 20 years. *See* 8 U.S.C. § 1326(b)(2). Bazadoni-Loa has been deported on five occasions prior to his latest arrest, which the court properly considered when determining his current sentence. Thus, we conclude Bazadoni-Loa's 27-month sentence is reasonable.

## II. CONCLUSION

Bazadoni-Loa's sentence is not cruel and unusual punishment. Additionally, the sentence is reasonable.

**AFFIRMED.**

4