[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16772
Non-Argument Calendar

_____

D. C. Docket No. 08-00007-CR-001-WLS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEON JACKSON,
a.k.a. DJ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 2, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, David Jackson pled guilty to both counts of an indictment: Count One, armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (Count 1), and Count Two, possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii). At sentencing, the district court imposed on Count One a prison sentence on Count One of 96 months, an upward variance of 50 months from the high end of the Guidelines sentence range,[1] and on Count Two a consecutive prison sentence of 84 months, the minimum sentence prescribed by statute, for a total term of imprisonment of 180 months. Jackson now appeals, contending that his total sentence was not substantively reasonable because it did not take into account all of the 18 U.S.C. § 3553(a) factors, and it was greater than necessary to comply with the statutory purposes of sentencing.

We may review a sentence for procedural or substantive reasonableness. See Gall v. United States, 552 U.S. 38, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); see also United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). In considering the substantive reasonableness of a sentence, we employ an abuse of discretion standard, "[r]egardless of whether the sentence imposed is inside or

---

[1] The court imposed the variance because of the circumstances surrounding the Count One armed bank robbery and Jackson's significant criminal history, which included convictions for a prior bank robbery and possession with intent to distribute cocaine.

outside the Guidelines range." Gall, 552 U.S. at ___, 128 S.Ct. at 597. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 552 U.S. at __, 128 S.Ct. at 596. Pursuant to § 3553(c), the court should state its reasons for imposing a particular sentence, and, in doing so, should "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006) (internal citation and quotations omitted); 18 U.S.C. § 3553(c)(1). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). We have held, however, that "nothing in this Circuit's precedent or Booker[2] requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor." Bonilla, 463 F.3d at 1182 (emphasis in original). Further, the district court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "[T]here is a range of reasonable sentences from which the district court may choose." Talley, 431 F.3d at 788.

With respect to sentences imposed outside the applicable Guidelines sentence range, the district court must "ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at __, 128 S.Ct. at 597. Nonetheless, we "may not apply a presumption of unreasonableness. [We] may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. "We may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an

---

[2]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4

unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Although the district court fashioned an upward variance of 50 months on Count One, it properly considered and weighed the § 3553(a) factors and thoroughly explained its reasons for the variance. In our view, the court's justifications for the variance were compelling.

AFFIRMED.