[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-14625 and 09-14626
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 07-00054-CR-J-20MCR,
04-00374-CR-J-20MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY SLAY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 3, 2010)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Slay appeals his sentence of 60 months of imprisonment after the

revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Slay argues that the district court failed to provide a written statement to explain why it varied upward from the guideline range. 18 U.S.C. § 3553(c)(2). We affirm.

We review de novo whether a district court complied with section 3553(c). United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). An error in sentencing is reviewed for harmless error. Under that standard, after "viewing the proceedings in their entirety, . . . [if] the error did not affect the sentence or had but very slight effect," we will affirm the sentence. United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005).

We need not decide whether the district court erred because any error in failing to provide Slay a written statement is harmless. The district court explained at Slay's sentencing hearing that it varied upward to punish Slay for having manipulated and deceived the prosecutor and the district court. Slay obtained permission to associate with known felons ostensibly to assist law enforcement and then used those contacts to distribute cocaine. Slay does not argue that the explanation provided at his sentencing hearing was deficient or otherwise affected his ability to appeal his sentence. Slay was not harmed by the lack of a written statement.

Slay's sentence is **AFFIRMED**.