[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12384
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00447-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRETT CANNION,
a.k.a. Jee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 1, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jerrett Cannion appeals his sentence of 292 months of imprisonment for

distributing 5 or more grams of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and conspiring to distribute 50 grams or more of cocaine base, id. §§ 841(a)(1), 841(b)(1)(A)(iii), 846. Cannion argues, for the first time on appeal, that the district court failed to provide a written statement to explain why it departed upward and that omission prevents any meaningful review of the reasonableness of his sentence. See 18 U.S.C. § 3553(c)(2); United States Sentencing Guideline § 4A1.3(c)(1). We affirm.

Cannion pleaded guilty to distributing and conspiring to distribute cocaine base without the benefit of a plea agreement, and the district court accepted his pleas of guilty. The presentence investigation report provided a base offense level of 30 and an adjusted offense level of 27. The report discussed Cannion's prior convictions, which included several drug-related crimes, grand theft of a motor vehicle on three occasions, possessing a concealed firearm, aggravated assault of a law enforcement officer, obstructing an officer with violence, and battery. With a criminal history of VI, the report provided a sentencing range between 130 and 162 months of imprisonment.

The government objected to the presentence report and asked the district court to depart upward on the ground that Cannion's criminal history category failed to account for Cannion's extensive criminal background. U.S.S.G. § 4A1.3.

2

The government requested that the district court depart upward to a base offense level of 38, which would result in an adjusted offense level of 35 and an advisory guideline range of 292 to 365 months of imprisonment.

At the sentencing hearing, the government mentioned several of Cannion's felony convictions and argued that, because his crimes were "substantial in number and serious in character," his sentence should "be calculated as a career offender." When the district court asked Cannion about the departure, defense counsel responded, "Regardless . . of how Mr. Cannion is characterized . . . as a career offender or not, there is no objection to the upward departure." The district court later asked if Cannion had "any objection . . . to the proposal by the United States" of "an adjusted offense level of 35," and Cannion responded "[n]o objection." Cannion requested a sentence at the low end of the guideline range. The district court "adopt[ed] the facts statement in the presentence report" and the "Offense Level of 35 and a Criminal History Category of VI."

The district court sentenced Cannion to 292 months of imprisonment. The district court explained that its decision was based on "the applicable policies and guidelines of the United States Sentencing Commission . . . the advisory sentence that is derived from them . . . [and] the factors [of] 18 U.S.C. § 3553(a)." The district court did not include in its written judgment a statement that explained the

"specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," U.S.S.G. § 4A1.3(c)(1).

The government argues that Cannion is barred by the doctrine of invited error from complaining about the lack of a written explanation for the upward departure, but we disagree. A party invites error by inducing or agreeing to a decision that it later claims constitutes error. United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). Cannion assented to the decision to depart upward, but Cannion did not waive his right to a written statement.

We review de novo whether a district court complied with section 3553(c). United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). An error in sentencing is reviewed for harmless error.

Any error in failing to provide Cannion a written statement is harmless. The district court was not required to "explicitly discuss" its reasons for bypassing each offense level under section 4A1.3(c), United States v. Dixon, 71 F.3d 380, 383 (11th Cir. 1995), and "what transpired [at the sentencing hearing], taken together with the court's closing remarks . . . provides a sufficient statement of the court's reasons" for enhancing Cannion's sentence. United States v. Parrado, 911 F.2d 1567, 1573 (11th Cir. 1990). The district court considered the "the applicable

4

policies and guidelines" and agreed with the government that an upward departure was necessary to address the quantity and gravity of Cannion's prior crimes that were described in the presentence investigation report. See U.S.S.G. § 4A1.3(a)(1) & cmt. n.2(B) ("[T]he nature of . . . prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record."). Cannion does not dispute the reasonableness of the upward departure and the record contains sufficient information that would have permitted Cannion to challenge the departure on appeal. Cannion was not harmed by the lack of a written statement.

Cannion's sentence is **AFFIRMED**.