[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2011
JOHN LEY
CLERK

No. 11-10351
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00049-MP-GRJ-1

UNITED STATES OF AMERICA,

                                       Plaintiff-Appellee,

versus

JESUS MANUEL ZOLA-AGUILAR,
a.k.a. Jesus Manuel Zola-Aguilar,
a.k.a. Jesus Manuel-Sola,
a.k.a. Jesus Sola-Avila,

                                       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 4, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jesus Manuel Zola-Aguilar appeals his sentence of imprisonment for 13 months following his plea of guilty for being an illegal alien in possession of a firearm. 18 U.S.C. § 922(g)(5)(A). Zola-Aguilar argues that his sentence is procedurally unreasonable because the district court failed to state explicitly that the sentence is "sufficient, but not greater than necessary," id. § 3553(a), to achieve the goals of sentencing. Zola-Aguilar maintains that the district court violated the requirement, id. § 3553(c), that it state its reasons for the sentence it entered. We affirm.

We review the reasonableness of a sentence under a deferential standard of review for abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

Zola-Aguilar's argument fails. The Supreme Court has ruled that, under section 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). We have stated that "the

requirement of § 3553(c)(1) does not mean that a sentencing court must incant the specific language used in the guidelines." United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006) (internal quotation marks omitted). Neither must the district court state that it has considered each sentencing factor. Id. Zola-Aguilar's argument would require district courts to "incant the specific language" of section 3553(a) in contravention of our express holding that such recitations are unnecessary. Id.; see also United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005) (an acknowledgment that the district court has considered the defendant's arguments and the factors in section 3553(a) is ordinarily sufficient). The record establishes that the district court exercised its authority and imposed a sentence that was "sufficient, but not greater than necessary," to comply with the purposes of sentencing because the district court explicitly stated that it had considered the statutory factors and the applicable guidelines and policy statements, as well as Zola-Aguilar's previous illegal reentries. The district court did not abuse its discretion. Zola-Aguilar's sentence in the middle of the guideline range is reasonable.

**AFFIRMED.**