[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15090
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-14016-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSALINO YANEZ CONEJO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 13, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty to illegal reentry, in violation of 8 U.S.C. § 1326, Rosalino Yanez Conejo appeals his 24-month sentence, imposed above the advisory guidelines range of 10 to 16 months' imprisonment.  On appeal, Conejo argues that his sentence is procedurally unreasonable because the district court did not adequately explain its 8-month upward variance.  After review, we affirm.

We review the reasonableness of a sentence for abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.  Id.  Then, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances.  Id.  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[1]

The district court must "adequately explain the chosen sentence to allow for meaningful appellate review."  Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007); see also 18 U.S.C. § 3553(c) (requiring the district court to, at the

_____

[1]Conejo's sole argument on appeal is that the district court did not sufficiently explain its decision to impose an 8-month upward variance.  Conejo does not raise any other procedural error at his sentencing or argue that his 24-month sentence is substantively unreasonable.

time of sentencing, state in open court the reasons for its imposition of a particular sentence).  Although the district court must consider the 18 U.S.C. § 3553(a) factors, it is not required to "incant . . . specific language" or "articulate its consideration of each individual § 3553(a) factor," so long as the record reflects the court considered the factors.  United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006).

If the district court imposes a variance, it must also include a reason for the variance, Pugh, 515 F.3d at 1190, and the "justification for the variance must be 'sufficiently compelling to support the degree of the variance.'"  United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597); see also 18 U.S.C. § 3553(c)(2) (requiring the sentencing court, if the chosen sentence is outside the guidelines range, to state "the specific reason for the imposition of a sentence different from" the guidelines range and to state that reason with specificity in the statement of reasons form).  The district court's reason need not be lengthy; a brief explanation may suffice when the context and the record indicates the reasoning behind the chosen sentence.  Irey, 612 F.3d at 1195.[2]

Here, the district court explained in open court its reasons for imposing a sentence above the advisory guidelines range.  Specifically, the district court stated

---

[2]We review de novo whether the district court sufficiently explained its sentence under 18 U.S.C. § 3553(c).  United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).

that it had considered the "the guideline calculation as well as the [3553(a)] factors, which include the nature and circumstances of the instant offense, the history and characteristics of the defendant, the need to promote respect for law, and provide adequate deterrence." The district court then stated that "[h]aving looked at and considered each of those factors, it's the judgment of the Court that a sentence outside and above the otherwise applicable guideline range is appropriate in this case." The district court then detailed Conejo's extensive criminal history. The district court noted, among other things, that Conejo's criminal history began when he was 20 and included, in addition to his multiple prior convictions, charges of carrying a concealed weapon and two counts of first degree murder that were not ultimately pursued. The district court also stated in its written statement of reasons that Conejo's criminal history justified a sentence outside the advisory guidelines range. The district court's stated reason for the 8-month variance—Conejo's criminal history—is sufficient to allow for meaningful appellate review and satisfied the district court's obligations under 18 U.S.C. § 3553(c).

Defendant Conejo argues that the district court's sentence required further explanation because, during the sentencing, the district court took "conflicting actions" when it "granted" Conejo's "Motion for Variance," but then imposed a sentence above the advisory guidelines range. When we examine more closely the

basis for each of the district court's actions, however, we find no conflict between them.

Prior to the sentencing hearing, Defendant Conejo filed a "Motion for Variance." Conejo's motion sought a downward variance based on the computation of his criminal history score in the Presentence Investigation Report ("PSI"). Specifically, the PSI assigned 2 criminal history points for Conejo's July 2009 convictions for driving without a license and possession of cocaine (Case No. 09-CF-415). According to the PSI, Conejo originally entered into the drug court program for these offenses, but, after Conejo failed to appear at a drug court review, he was adjudicated guilty in 2011 and sentenced to nine months. Based on this nine-month sentence, the PSI assigned 2 criminal history points. See U.S.S.G. § 4A1.1(b) (providing that 2 points are added for sentences of at least sixty days but not more than one year). Based on a total of 7 criminal history points, the PSI gave Conejo a criminal history category of IV, which with an offense level of 10, yielded an advisory guidelines range of 15 to 21 months.

Conejo's motion for a variance contended that the only reason he failed to appear, and thus received the nine-month sentence for the July 2009 convictions, was that he had been deported. Conejo argued that, absent the nine-month sentence, he would have received only 1 criminal history point for his July 2009 convictions, for a total of 6 criminal history points. See U.S.S.G. § 4A1.1(c)

(assigning 1 point for a sentence of less than sixty days). With 6 criminal history points, Conejo's criminal history category would have been III, which in turn would have lowered his advisory guidelines range to 10 to 16 months. Accordingly, Conejo's "Motion for Variance" asked the district court to sentence him within that 10-to-16-month range.

At sentencing, the district court heard argument on Conejo's motion for a variance. The district court then stated, "I don't think it's going to make a difference in any event because it's my intention to consider the 3553 factors and sentence outside of the guidelines, anyway. So in order to moot this point for appellate purposes, I'm going to grant the variance and reduce that to one point." The district court then stated that Conejo's offense level of 10 and criminal history category of III resulted in an advisory guidelines range of 10 to 16 months. The district court then explained why it was imposing a 24-month sentence, outside the 10-to-16-month advisory guidelines range, namely by reviewing Conejo's extensive and continuous criminal history.

There is some question as to what precisely the district court did when it ruled on Conejo's "Motion for Variance." Although Conejo contends that the district court granted a U.S.S.G. § 4A1.3 downward departure for over-represented criminal history, the district court's oral pronouncements and written statement of reasons suggest that the district court recalculated Conejo's criminal history score

6

under U.S.S.G § 4A1.1 and determined that Conejo's criminal history category was III, rather than IV. [3]  Regardless of how the district court's actions are characterized, the district court's decision to assign only 1 criminal history point for Conejo's July 2009 convictions does not conflict with the district court's subsequent decision to vary upward by eight months based on Conejo's entire criminal history, which included not only his other convictions, but also other criminal conduct not resulting in convictions.  Because the district court's actions were not inconsistent, the record is more than adequate to conduct appellate review, and the district court sufficiently explained and justified its above-guidelines sentence.

**AFFIRMED.**

---

[3]The district court's written statement of reasons: (1) adopted the PSI, with the exception of the determinations under Chapter Four of the Sentencing Guidelines (i.e., criminal history score and category); (2) assigned "1 point for Case No. 09-CF-415"; and (3) found that the criminal history category was III and the advisory guidelines range was 10 to 16 months.  The district court never mentioned § 4A1.1 at sentencing and did not complete the portion of the statement of reasons form relating to departures authorized by the guidelines or check the box for § 4A1.3 departures.