[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16857
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00332-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 5, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

This is Isaac Bonilla's second appearance before the Court. Based on the

Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220

(2005), we previously vacated his sentence and remanded for resentencing.

See United States v. Bonilla ("Bonilla I"), 437 F. App'x 240 (11th Cir. 2005) (unpublished). After a resentencing hearing, at which the district court heard argument on the 18 U.S.C. § 3553(a) factors, the district court imposed the same sentence, which was at the lowest end of the Guidelines range Bonilla faced. In this appeal, Bonilla again challenges his 108-month sentence for possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a),(g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Bonilla argues that: (1) his sentence was unreasonable, and (2) the district court's statement of reasons under 18 U.S.C. § 3553(c)(1) was inadequate. We affirm.

According to the presentence investigation report ("PSI"), after members of the United States Coast Guard intercepted two go-fast vessels, the occupants of which were seen dumping bales of suspected contraband overboard, the Coast Guard fired warning shots and signaled for the go-fast vessels to stop. One of the boats complied. The Coast Guard then approached the other go-fast vessel, which had become disabled, and observed four men in the water approximately 25 yards

2

from the disabled vessel. The crew members had covered themselves and the boat in gasoline. The Coast Guard removed the four men from the water, one of whom was Bonilla, and retrieved from the water 44 bales of cocaine weighing a total of 1100 kilograms.

Bonilla was the owner and captain of the second go-fast boat. In a post-arrest statement, Bonilla stated that he and the crew had been fishing, but did not have drugs on the vessel, and had jumped in the water after the Coast Guard shot at them. Bonilla also stated that he had no knowledge concerning the other go-fast vessel. Later, however, Bonilla agreed to the facts as outlined in the indictment and the Notice of Filing Factual Basis for Plea, and accepted responsibility for his involvement. He also cooperated with the government in connection with its cases against six co-defendants.

The PSI recommended a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1), which is applicable to a defendant convicted of a violation of 21 U.S.C. § 960(b)(1), based on the 1100 kilograms of cocaine the crewmen were transporting. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(1) (Nov. 2003) (assigning base offense level of 38 where quantity of cocaine is 150 kilograms or more). The PSI recommended the following adjustments: (1) a two-level upward adjustment, pursuant to U.S.S.G. §

2D1.1(b)(2)(B), because Bonilla was the captain of the vessel; (2) a two-level safety-valve reduction, pursuant to U.S.S.G. § 2D1.1(b)(6); and (3) a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a criminal history category I and an adjusted offense level of 35, Bonilla faced a Guidelines range of 168 to 210 months' imprisonment. At the initial sentencing hearing, the government moved for a substantial-assistance departure, pursuant to U.S.S.G. § 5K1.1, based on Bonilla's cooperation and assistance in the government's prosecution of six co-defendants. After the district court granted a four-level departure, Bonilla faced a Guidelines range of 108 to 135 months' imprisonment, based on an adjusted offense level of 31 and a criminal history category I.

The district court imposed concurrent 108-month terms of imprisonment, followed by four years of supervised release. After sentencing Bonilla, in anticipation of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), the district court proposed an alternate sentence, stating:

> It is unlikely that I would have given a sentence exactly equal to that of the sentencing guidelines, but . . . the closest I might have come in light of [Bonilla's] cooperation would have been 96, which would be eight years in light of his cooperation and his family obligation.
>
> So if I were sentencing him, I would have sentenced him to 96 months, subject always to the realization that since we don't know how we're sentencing, neither of you perhaps is as vigorous in trying

to influence that sentence, you've not made as complete a case as you would have, had we known for sure what law would ultimately govern Mr. Bonilla's sentence.

In Bonilla I, we vacated and remanded Bonilla's sentence after finding Booker constitutional error based on the district court's suggestion that it would have sentenced Bonilla differently if it had not been confined to the Guidelines range. In our remand opinion, we observed that:

the district court correctly determined the Guidelines range for Bonilla's conviction. We have considered Bonilla's challenge to the two-level enhancement for his role in the offense, and note that the district court did not err factually by applying the enhancement based on its conclusion that he was captain of the vessel that was transporting the cocaine. On remand, pursuant to Booker, the district court is required to sentence Bonilla under an advisory Guidelines scheme, and, in so doing, must consider the Guidelines range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.

Bonilla I, 137 F. App'x at 242 n.1 (alteration in original).

At Bonilla's resentencing hearing, the court reviewed with Bonilla the two counts to which he pled guilty and stated that it would determine a sentence in accordance with the advisory Guidelines scheme and Booker. The district court invited "counsel for the United States and the defense to call to [its] attention any matter under 18 U.S.C. § 3553 or otherwise that ought to be considered in arriving at a final and reasonable sentence." Neither side had any objections to the PSI's factual statements, which the district court adopted. Bonilla then restated his

objection to the two-level enhancement for his status as the captain on the boat, arguing that his conduct in steering and owning the vessel was not enough to qualify him for the enhancement. He also pointed to the following factors in support of a lower sentence: (1) he was willing to provide additional assistance to the government, but his imprisonment at Fort Dix for two years had prevented him from doing so, and he had no more information to offer; and (2) while in prison, he had attempted to take advantage of classes and benefits available to him, including English classes, but had been unable to do so due to overcrowding. The government resubmitted its § 5K1.1 motion and requested that the court follow its actions from the first sentencing hearing and grant a four-level departure. The government also argued that Bonilla's 108-month sentence was fair in light of the significantly higher sentences his co-defendants had received. The government urged that the sentence adequately reflected credit for Bonilla's assistance to the government and met the § 3553 factors, and that a lower sentence would be a "windfall" for Bonilla.

The district court overruled Bonilla's objection to the 2D1.1(b)(2)(B) enhancement and granted the government's § 5K1.1 downward departure motion, thereby decreasing Bonilla's offense level by four levels. The court then stated that pursuant to the Guidelines and <u>Booker</u>, Bonilla would be re-sentenced at the

bottom of the range to 108-months' imprisonment as to both counts, to run concurrently, followed by four years of supervised release. The court also noted:

> I am satisfied that this sentence is consistent not only with the United States Sentencing Commission's announced policies and guidelines, but that it accords with the array of factors specified at 18 U.S.C. § 3553 and adequately reflects the seriousness of the offense, being neither – the sentence being neither greater nor lesser than necessary to achieve the statutory purposes of sentencing.

This appeal followed.

Bonilla challenges the reasonableness of his sentence, arguing that: (1) the sentence was greater than necessary to achieve the purposes of sentencing as set forth in § 3553(a); (2) he played a limited role in the offense, as a pilot for the go-fast vessel, and was compensated only $3,000 for his participation; and (3) he was a first-time, non-violent offender. Bonilla also argues that his 108-month sentence is unreasonable because the district court suggested at his initial sentencing hearing that a 96-month sentence would have been imposed if the Guidelines had not been in place.

Pursuant to the Supreme Court's instructions in Booker, we review a district court's sentence, imposed after consulting the Guidelines and considering the factors set forth at § 3553(a), for reasonableness. Booker, 543 U.S. at 264-65; United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006) ("Under Booker, we review a defendant's ultimate sentence for reasonableness."). Some of the

7

§ 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). The reasonableness review is "deferential" and focuses on whether the sentence imposed fails to achieve the purposes of sentencing as stated in § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Moreover, we recognize that a range of reasonable sentences exists from which the district court may choose. Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Prior to imposing sentence, the district court heard Bonilla's mitigating circumstances and considered his apology. These items all concerned "the nature and circumstances of the offense and the history and characteristics of the defendant" within the meaning of § 3553(a)(1). In imposing sentence, the district court expressly noted the seriousness of the offense, see § 3553(a)(2) (discussing factors including the need for the sentence imposed "to reflect the seriousness of the offense"). Finally, the parties' arguments and the PSI's calculations outlined "the kinds of sentences available," as discussed in § 3553(a)(3), and the

8

government noted that Bonilla was receiving a much lower sentence than his co-defendants had, see § 3553(a)(6) (enumerating need to avoid sentencing disparity). In short, we cannot say that Bonilla's sentence is outside the range of reasonable sentences from which the district court could choose.[1] Because the imposition of Bonilla's sentence reflected consideration of several of the relevant factors under § 3553(a), including the advisory Guidelines range, Bonilla's sentence is reasonable.

We likewise are unpersuaded by Bonilla's suggestion that the district court's statement of reasons for its sentence was deficient under 18 U.S.C. § 3553(c)(1).[2] The question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed de novo, even if the defendant did not object below. See United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006).[3] Pursuant to 18 U.S.C. §

---

[1]The fact that the district court suggested a 96-month sentence as an alternative at the first sentencing hearing is irrelevant in assessing the reasonableness of Bonilla's sentence because in Bonilla I, we vacated the district court's initial sentence and any reasoning behind that sentence and directed the district court to resentence Bonilla.

[2] Pursuant to 18 U.S.C. § 3553(c)(2), which concerns an explanation of reasons for a departure from the Guidelines, the court is required to give "the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2). Since Bonilla was sentenced within his Guidelines range and 18 U.S.C. § 3553(c)(2) clearly requires an explanation of reasons for a departure from the guidelines, § 3553(c)(2) is inapplicable to Bonilla's case.

[3]In Williams, we rejected the government's argument that by not objecting in the district court, a defendant abandons his claim under § 3553(c)(1) and our standard of review is for plain error only. We cited our pre-Booker decision in United States v. Veteto, 920 F.2d 823, 826 (11th Cir. 1991): "Congress has specifically proclaimed that a sentencing court shall state 'the reason for imposing a sentence [exceeding 24 months] at a particular point within the range.' . . . When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law . . . ." Williams, 438 F.3d at 1274 (quoting Veteto, 920 F.2d at 826) (alterations in original) (emphasis removed).

3553(c)(1), a district court is required to state, in open court, the reason for its particular sentence, and if the sentence "is of the kind, and within the range [recommended by the Guidelines] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1); Williams, 438 F.3d at 1274. Based on our careful review of the record, with particular attention to the sentencing transcripts and the parties' arguments concerning the § 3553(a) factors, we are satisfied the district court's imposition of sentence complied with the requirements of § 3553(c)(1).

The district court gave the parties the opportunity to make arguments on any § 3553(a) factors implicated in the case and heard Bonilla's statement of remorse. In imposing a sentence at the lowest end of the Guidelines range Bonilla faced, the district court said:

> I am satisfied that this sentence is consistent not only with the United States Sentencing Commission's announced policies and guidelines, but that it accords with the array of factors specified in 18 U.S.C. § 3553 and adequately reflects the seriousness of the offense, . . . the sentence being neither greater nor lesser than necessary to achieve the statutory purposes of sentencing.

As we held prior to Booker, "a sentencing court should -- when stating its reasons for imposing a particular sentence as required by § 3553(c) -- tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir.

10

1990). Thus, both before and after <u>Booker</u>, we have disapproved the imposition of sentences with no consideration or mention of the § 3553(a) factors. <u>See</u> <u>Williams</u>, 438 F.3d at 1274 (vacating and remanding sentence for compliance with § 3553(c)(1), based on district court's failure to provide any reason for life sentence); <u>Veteto</u>, 920 F.2d at 824, 826-27 (remanding for compliance with § 3553(c)(1) because the trial court explained its sentence with the "truism" that the chosen punishment "seem[ed] right").

However, the requirement of § 3553(c)(1) "does not mean that a sentencing court must incant the specific language used in the guidelines which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case." <u>Parrado</u>, 911 F.2d at 1572 (internal quotation marks and citation omitted). Indeed, <u>nothing</u> in this Circuit's precedent or <u>Booker</u> requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor, particularly where, as here, it is <u>obvious</u> the court considered many of the § 3553(a) factors -- again, these factors included the circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the seriousness of the offense, <u>see</u> § 3553(a)(2)(A); the kinds of sentences available, § 3553(a)(3); and the need to avoid sentencing disparity, § 3553(a)(6). <u>See</u> <u>Parrado</u>, 911 F.2d at 1573 (holding

11

that district court adequately explained reasons for imposing life sentence and concluding, based on review of the transcript of the sentencing hearing, that "what transpired, taken together with the court's closing remarks noted above, provides a sufficient statement of the court's reasons for imposing a sentence at the top end of the range" (citing United States v. Wivell, 893 F.2d 156, 158 (8th Cir. 1990) (record of entire sentencing hearing considered in evaluating district court's reasons for imposing particular sentence; reviewing court will not rely exclusively upon court's summary statement at close of sentencing hearing))); cf. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding, in connection with challenge to reasonableness of sentence, that district court's statement that it had considered defendant's sentencing arguments and the factors in § 3553(a) "alone is sufficient in post-Booker sentences").

Simply put, we can discern no error in the district court's explanation of its reasoning for imposing Bonilla's low-end sentence, nor can we find anything unreasonable in the imposition of a 108-month sentence for this drug conspiracy involving some 1100 kilograms of cocaine.

**AFFIRMED.**