[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10953

_____

D. C. Docket No. 06-00006-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ARMONDO DOMINGUEZ-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 17, 2008)**

Before HULL and WILSON, Circuit Judges, and EDENFIELD[*], District Judge.

PER CURIAM:

_____

[*]Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

Javier Armondo Dominguez-Ramirez ("Dominguez-Ramirez") appeals his convictions and concurrent sentences for: (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii); (2) possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii) and 18 U.S.C. § 2; and (3) two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2. Dominguez-Ramirez argues that the district court erred in (1) denying his motion to suppress evidence found at his house;[1] (2) calculating his advisory sentencing guidelines offense level based on a drug quantity determination that was unsupported by the evidence;[2] (3) applying an aggravating role enhancement under U.S.S.G. § 3B1.1(c) that was unsupported by the evidence;[3] (4) failing to state adequate reasons for imposing a sentence in the middle of the advisory guidelines range of

[1]"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We review the district court's findings of fact for clear error and the district court's application of the law to those facts de novo. Id. The party challenging the validity of a search bears the burdens of proof and persuasion. United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998).

[2]"We review a district court's determination of the quantity of drugs used to establish a base offense level for sentencing purposes under the clearly erroneous standard." United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000).

[3]A district court's determination of a defendant's role in an offense is a finding of fact that we review for clear error. United States v. De Varon, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc).

151 to 188 months' imprisonment, in contravention of 18 U.S.C. § 3553(c)(1);[4] and (5) applying the advisory guidelines in a <u>de facto</u> mandatory fashion by imposing guidelines enhancements that were not charged in the indictment and not found by the jury beyond a reasonable doubt, in violation of the Fifth and Sixth Amendments.[5]

After review and oral argument, we conclude that each of Dominguez-Ramirez's claims on appeal lack merit, and that the district court committed no reversible error in denying Dominguez-Ramirez's amended motion to suppress or in sentencing Dominguez-Ramirez. Therefore, we affirm Dominguez-Ramirez's convictions and sentences.

**AFFIRMED.**

---

[4]A district court's compliance with § 3553(c)(1) is reviewed <u>de novo</u>. <u>United States v. Bonilla</u>, 463 F.3d 1176, 1181 (11th Cir. 2006).

[5]If a defendant preserves a constitutional objection to his sentence, we review the sentence <u>de novo</u> and vacate and remand only if there is harmful error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). The parties dispute whether or not Dominguez-Ramirez preserved this argument before the district court. We need not resolve that dispute, however, because even under <u>de novo</u> review, the underlying argument is meritless. <u>See United States v. Rodriguez</u>, 398 F.3d 1291, 1300-01 (11th Cir. 2005) (concluding that extra-verdict enhancements are constitutional in an advisory guidelines system after <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005)); <u>see also</u> Br. of Appellant at 26 ("This argument is presented solely to preserve the issue for either <u>en banc</u> review or subsequent review at the Supreme Court. Counsel recognizes that it appears foreclosed by current precedent.").