[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10158
Non-Argument Calendar

_____

D. C. Docket No. 05-00380-CR-01-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR PINEDA MENDOZA,
a.k.a. Hector Mendoza,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 4, 2008)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Hector Pineda Mendoza appeals his 300-month

sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. After review, we affirm.

The district court imposed a 300-month sentence, within the advisory guidelines range of 262 to 327 months' imprisonment. On appeal, Mendoza argues that the district court failed to explain the reasons for his sentence, as required by 18 U.S.C. § 3553(c)(1). When a district court imposes a sentence within the advisory guidelines range and in excess of 24 months, it must explain "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). To satisfy § 3553(c)(1)'s requirement, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. __, 127 S. Ct. 2456, 2468 (2007). Although the district court must indicate that it considered the 18 U.S.C. § 3553(a) factors, it does not have to "articulate its consideration of each individual § 3553(a) factor, particularly where . . . it is obvious the court considered many of the § 3553(a) factors." United States v. Bonilla, 463 F.3d 1176, 1181-82 (11th Cir. 2006).[1]

Here, the district court stated on the record that it had considered the §

_____

[1]We review de novo whether a district court complied with 18 U.S.C. § 3553(c)(1), even if the defendant did not preserve the issue. Bonilla, 463 F.3d at 1181.

3553(a) factors and identified several of particular concern that weighed most heavily in its determination, including the nature and circumstances of the offense, Mendoza's history of drug trafficking, the seriousness of the offense and the need for avoiding sentencing disparities. The district court's statement of reasons was adequate.

Mendoza also argues that his sentence is substantively unreasonable.[2] We evaluate the ultimate sentence's substantive reasonableness, considering the § 3553(a) factors and the totality of the circumstances. Gall v. United States, 552 U.S. __, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the burden of showing that a sentence is unreasonable. United States v. Johnson, 485 F.3d 1264, 1272 (11th Cir. 2007).[3]

We conclude Mendoza failed to carry his burden to show that the district court abused its discretion in imposing a 300-month sentence, within the advisory guidelines range of 262 to 327 months' imprisonment. Mendoza was a leader in a large drug trafficking organization and was responsible for distributing hundreds of kilograms of cocaine throughout the eastern United States. Under the

---

[2]Apart from his § 3553(c)(1) argument, Mendoza does not argue that the district court made any procedural errors in imposing his sentence or challenge any of the guidelines calculations.

[3]We review the reasonableness of a sentence under an abuse-of-discretion standard. Gall, 552 U.S. at ___, 128 S. Ct. at 597.

circumstances, we cannot say Mendoza's sentence was substantively unreasonable.

**AFFIRMED.**