[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13865
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00199-KD-B-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OZZIE THOMAS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 4, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ozzie Thomas appeals his sentence of 57 months' imprisonment, imposed after he pleaded guilty to being a felon in possession of a firearm. After thorough review, we affirm.

Thomas pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He initially was sentenced to 180 months' imprisonment, but we remanded after the government conceded Thomas was improperly sentenced as an Armed Career Criminal. On remand, the district court resentenced Thomas to 57 months, the low end of his revised guidelines range. Thomas did not object to his guidelines calculation.

At Thomas's resentencing hearing, he told the court he had the firearm to protect himself from neighbors he claimed had assaulted him after breaking into his home. He asked the court to review supportive statements, which the court indicated it had already read, from his sister and pastor, and he reminded the court that he was 58 years of age and had diabetes and heart trouble. Thomas also pointed out that, despite his relatively extensive criminal history, all of his offenses after he had turned 40 stemmed from his ongoing feud with the same neighbors.

"The problem," the court said, "is that you do have all of these prior convictions." The court continued: "I understand that these were in your younger days, but they do follow you." Further, the court understood what Thomas was "saying about someone breaking in your house[,] but there is a lot more [in] the

2

record about your anger management issues." Accordingly, the court found "the low end" of his guidelines range, 57 months' imprisonment, was appropriate. Thomas challenges that sentence on three grounds. We address each in turn.

First, Thomas argues his sentence is procedurally unreasonable because the district court failed to adequately explain the sentence it imposed as required by 18 U.S.C. § 3553(c)(1). We review *de novo* the adequacy of the district court's explanation for a sentence. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).[1] "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). We look to the entirety of the record and the context, including the parties' arguments concerning the § 3553(a) factors, to decide if the court sufficiently explained a defendant's sentence. *Bonilla*, 463 F.3d at 1181-82; *see also United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*) (discussing *Rita*, 551 U.S. at 358-59).

---

[1] The government urges us to review the adequacy of the district court's explanation for abuse of discretion, as we would other issues of procedural reasonableness, *see Gall v. United States*, 552 U.S. 38 (2007), or only for plain error because Thomas failed to raise a contemporaneous objection to the court's explanation. We are, however, bound by *Bonilla*, 463 F.3d at 1181 ("The question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed *de novo*, even if the defendant did not object below."). *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) (stating that we are bound by the holding of a prior panel unless and until overruled by the Supreme Court or this court sitting *en banc*); *see also United States v. Ghertler*, 605 F.3d 1256 (11th Cir. 2010) (reaffirming *Bonilla* after the Supreme Court's decision in *Gall*).

The district court sufficiently articulated the reasons for Thomas's sentence. The court explained that it was familiar with Thomas's background, including the letters from his sister and pastor, having reviewed the materials from his first sentencing. And the court actively engaged with Thomas's contentions at resentencing, but explained that it found those reasons did not justify a downward variance in light of his criminal background and the circumstances of his offense. Section 3553(c)(1) does not require more.

Second, Thomas argues his sentence was substantively unreasonable because the court improperly weighed the sentencing factors. We review the substantive reasonableness of a defendant's sentence under a deferential abuse-of-discretion standard. *United States v. Chavez*, 584 F.3d 1354, 1365 (11th Cir. 2009). The weight to be given to any particular § 3553(a) factor or set of factors is a decision we leave to the sound discretion of the district court. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). We will reverse a sentence as substantively unreasonable only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). "Although we do not presume that a sentence within the Guidelines range is reasonable, we ordinarily expect such a sentence to

4

be reasonable." *United States v. Lebowitz*, 676 F.3d 1000, 1016 (11th Cir. 2012) (internal citation omitted).

Thomas has not shown the district court clearly erred in weighing the factors to arrive at his low-end guidelines sentence. Although some factors suggested Thomas posed no risk of recidivism or to the community and did not need to be deterred, the district court reasonably concluded his extensive and sometimes violent criminal history outweighed those factors and required a within-guidelines sentence for his crime. And the district court is within its discretion to afford "great weight" to a particular factor in arriving at a sentence. *Gall v. United States*, 552 U.S. 38, 57 (2007).

Finally, Thomas contends his sentence was substantively unreasonable because the district court lengthened his sentence based upon an improper factor, namely his rehabilitative needs. "[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011). Thomas says the district court's reference to his "anger management issues" indicates that the court did just that. But, in context, the court's statement does not indicate it imposed his sentence based on his need for any sort of rehabilitation, but rather describes, using a colloquial phrase, Thomas's demonstrated history of dealing with problems in a violent fashion. That information about Thomas's

5

history and the characteristics of his offense was a factor upon which the district court could, and did, reasonably rely.  *See* 18 U.S.C. § 3553(a).

**AFFIRMED**.