[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15005
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00284-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AMADEO HERNANDEZ JAIMES,
a.k.a. Amadeo,
a.k.a. Mayo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 17, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Amadeo Jaimes appeals his 300-month, within-guidelines-range sentence, imposed after he pleaded guilty to one count of conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Jaimes contends that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors, particularly considering his substance abuse, difficult family circumstances, and lack of criminal history. Jaimes also challenges his sentence as unreasonable in relation to the sentences of his co-conspirators.

In reviewing the substantive reasonableness of the sentence, we apply a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). Those purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offender, deter criminal conduct, and protect the public from future criminal conduct. Id. § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. Id. § 3553(a)(1), (3)–(6).

Weighing the § 3553(a) factors is a task committed to the discretion of the

district court, and we will vacate a sentence as substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). We do not automatically presume that a sentence within the guidelines range is reasonable, but we ordinarily expect it to be. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging the sentence bears the burden of establishing its unreasonableness in light of the record and § 3553(a) factors. United States v. Langston, 590 F.3d 1226, 1236 (11th Cir. 2009).

In the present case the guidelines calculations are unchallenged. Jaimes' base offense level was 38 because the offense involved more than 150 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(1). He received a four-level enhancement because he was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. Id. § 3B1.1(a). He received a three-level reduction for acceptance of responsibility, id. § 3E1.1(a) & (b), making his total offense level 39. With a criminal history category of I, his guidelines range was 262 to 327 months imprisonment. He faced a mandatory minimum of 120 months and a maximum of life imprisonment. At his sentence hearing, the government asked the court to impose a sentence of 327 months to life, and Jaimes argued for a

sentence below his guidelines range.

The district court stated that it had considered all of the § 3553(a) factors, including those that it had not specifically mentioned, and the record shows that the district court did carefully consider the factors.  See United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006) (holding that a district court is not required "to articulate its consideration of each individual § 3553(a) factor, particularly where, as here, it is obvious the court considered many of the § 3553(a) factors") (emphasis omitted).  Although Jaimes argues that the district court gave only minimal consideration to his wife's and his daughter's illnesses, the court discussed the effect his incarceration would have on his family, while recognizing that this hardship was a consequence of Jaimes' actions.  The court also considered and discussed Jaimes' personal drug abuse and limited criminal history.  The court expressed its familiarity with the sentences of Jaimes' co-conspirators and selected a sentence it believed fit Jaimes' role and his participation in the conspiracy, noting that Jaimes had not objected to the enhancement that applied to him based on his role as an organizer or leader in the offense.

The court emphasized that the offense involved a large amount of cocaine. That amount was keyed to the guidelines' the highest offense level based on drug quantity, which the court took as guidance indicating that Jaimes' criminal conduct was very serious.  Based on all of that, the court concluded that only a significant

4

sentence reflected the purposes of § 3553(a)(2).  Jaimes has failed to show any abuse of discretion, and we will not substitute our judgment for the district court's or reweigh the § 3553(a) factors.  See United States v. Saac, 632 F.3d 1203, 1214–15 (11th Cir. 2011).  Jaimes has not shown that his 300-month sentence is substantively unreasonable.

**AFFIRMED.**