[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12363
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00041-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND ELIJAH WORTHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 11, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Raymond Wortham appeals his sentence that was imposed after a guilty plea

for attempted use of interstate commerce to induce a minor to engage in sexual

activity, in violation of 18 U.S.C. § 2422(b).  On appeal, Wortham argues that the

district court did not address or explain, as required by 18 U.S.C. § 3553(c)(1), its rejection of Wortham's mitigation argument or its reasons for imposing the sentence that it did. After thorough review, we affirm.

We review <u>de novo</u> the sufficiency of the district court's explanation under 18 U.S.C. § 3553(c)(1), even if the defendant did not object below. <u>United States v. Bonilla</u>, 463 F.3d 1176, 1181 (11th Cir. 2006). A district court is required to state reasons for its particular sentence, and if the sentence is of a kind and within the range recommended by the Guidelines and that range exceeds 24 months, the reason for imposing a sentence at a particular point within that range. 18 U.S.C. § 3553(c)(1); <u>Bonilla</u>, 463 F.3d at 1181. Section 3553(c)(1) applies to the district court's statements "at the time of sentencing" and "in open court." 18 U.S.C. § 3553(c).

A district court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the district court's consideration of the § 3553(a) factors. <u>Bonilla</u>, 463 F.3d at 1182. More generally, the district court should set forth enough to satisfy the appellate court that the court has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority. <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). The appropriateness of the brevity or length of a district court's reasons for accepting or rejecting an

2

argument depends upon the circumstances, leaving much to the court's judgment. Id. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." Id. at 357.

Here, even though the district court's explanation for Wortham's sentence was terse, the district court said that it had read the letters submitted prior to the sentencing hearing on Wortham's behalf. After the district court heard substantial argument from both parties about the appropriate sentence and Wortham's allocution, the district court determined that the mid-range guideline sentence was sufficient for punishment and for deterrence. The court also concluded that the PSI was accurate. The district court further provided that it had considered the § 3553(a) factors in imposing sentence. On this record, Wortham has failed to show that the district court violated § 3553(c)(1) or committed any other significant procedural error.

**AFFIRMED.**