[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15576
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00080-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SENTWALI BOSTON,
a.k.a. Knowledge,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 1, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Sentwali Boston appeals his 48-month sentence for making a false claim against the United States, in violation of 18 U.S.C. § 287. On appeal, Boston argues that his sentence, which was 18 months above the advisory guidelines range of 24 to 30 months, was substantively unreasonable. After review, we affirm.

## I.  GOVERNING LEGAL PRINCIPLES

This Court reviews the reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We first ensure that the district court committed no significant procedural error, such as improperly calculating the advisory guidelines range or inadequately explaining the chosen sentence, and then examine whether the sentence was substantively reasonable in light of the totality of the circumstances. Id. at 51, 128 S. Ct. at 597. The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome,611 F.3d 1371, 1378 (11th Cir. 2010).[1]

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

2

Although in choosing the sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately. United States v. Bonilla, 463 F.3d 1176, 1181-82 (11th Cir. 2006). Moreover, the weight to be given to each § 3553(a) factor is committed to the district court's discretion. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Defendant Boston does not argue that his sentence is procedurally unreasonable or identify any procedural error in his sentencing. Rather, he primarily contends the district court's upward variance resulted in a substantively unreasonable sentence.

When the district court imposes a sentence outside the advisory guidelines range, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597). Under binding precedent, we give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance, and do not require extraordinary circumstances to justify such a sentence or presume that such a sentence is unreasonable. Gall, 552 U.S. at 47, 51, 128 S. Ct. at 594-95, 597; see also United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). We will vacate such a sentence on substantive reasonableness grounds only if "left with the definite and firm conviction that the district court committed a

3

clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

## II.  BOSTON'S SENTENCE

Here, Defendant Boston has not shown that his 48-month sentence is substantively unreasonable in light of the record and the § 3553(a) factors. According to the undisputed facts in the presentence investigation report, Boston solicited individuals for whom he could file tax returns with the Internal Revenue Service ("IRS"), then fabricated information on those returns so his clients received larger refunds, and kept all or a large portion of those refunds, sometimes without the taxpayer's knowledge.  Some individuals for whom Boston filed fraudulent tax returns were willing participants.  In all, Boston filed a total of 103 fraudulent returns for the 2008 and 2009 tax years, with an intended loss from those returns of $526,586.

Boston's advisory guidelines range was 24 to 30 months' imprisonment.  In imposing an 18-month upward variance, the district court stressed the "nature and repetitive circumstances" of Boston's offense, noting that although Boston pled guilty to only one count of making a false claim, he was responsible for over 100

4

fraudulent tax returns over two tax seasons. Indeed, Boston was originally charged with 33 counts, but pled guilty to only one count pursuant to his plea agreement.

The district court acknowledged Boston's mitigation argument that some of his victims were not true victims, but willing participants. The district court pointed out, however, that Boston actively solicited these individuals by distributing business cards, that many of them would not have been able to file fraudulent returns without Boston's expertise, and that his co-conspirators' culpability did not negate Boston's own criminal conduct. The district court also observed that: (1) although Boston received only one criminal history point under the Sentencing Guidelines, he had an extensive criminal history involving duplicitous activities, such as issuing bad checks and providing false information to police officers; and (2) it was undisputed that after Boston's April 2010 arrest, he "continued to defraud the government by unlawfully claiming minors on his personal tax return" in tax years 2010, 2011, and 2012, which demonstrated a lack of respect for the law. Finally, the district court stressed the need for Boston's sentence to reflect the seriousness of his offense, provide punishment and deterrence, and protect the public from future crimes by Boston.

The district court adequately explained its justification for the 18-month upward variance. Moreover, we cannot say the upward variance is unreasonable given the extensive scope of Boston's fraud, his lengthy criminal history, and his

continuing fraudulent conduct after his initial arrest.  Although Boston disagrees with the weight that the district court gave his personal history and the circumstances of his crime, the weight to be given any § 3553(a) factor is within the district court's discretion.  See Clay, 483 F.3d at 743.

Boston argues that the loss amount of $526,586 used to calculate his advisory guidelines range overstated his culpability.  We disagree.[2]  The stipulated loss amount properly comprised the intended losses resulting from the 103 fraudulent tax returns that Boston agrees he filed with the IRS.  See U.S.S.G. § 2B1.1 cmt. n.3(A) (providing that the loss is the greater of the actual loss or intended loss and that the intended loss is the amount of loss intended to result from the offense, even if the loss was unlikely to occur).  As Boston conceded in the district court, the actual loss was lower than the intended loss primarily because the IRS issued a stop payment on various refund checks.  The fact that Boston either did not receive or would not have received the entire intended loss amount does not lessen his culpability for those 103 fraudulent returns.

Boston contends that the factors for imposing an upward departure under U.S.S.G. § 2B1.1, such as "an aggravating, non-monetary objective" like infliction of emotional harm, or additional costs or losses that were not included in the loss determination, were not present in his case.  See U.S.S.G. § 2B1.1 cmt. 20.  The

---

[2]Prior to his sentencing hearing, Boston filed a sentencing memorandum that, among other things, stipulated to a loss of $536,586.

6

district court, however, did not impose an upward departure under the Sentencing Guidelines, but rather varied upward based on the 28 U.S.C. § 3553(a) sentencing factors.  Boston also argues that the need for "general deterrence" did not justify a sentence above the advisory guidelines range, but the district court varied upward based on multiple factors, not merely on the need for deterrence.  Finally, although Boston claims that the upward variance created an unwarranted sentencing disparity, he cites only national statistics for "all fraud cases" and does not identify any individual defendants who arguably could be considered similarly situated. See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009) (explaining that to show an unwarranted sentencing disparity, the defendant must point to defendants with similar records who were found guilty of similar conduct).

For all these reasons, Boston has not shown that his total 48-month sentence is substantively unreasonable.

**AFFIRMED.**