[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13056
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00045-RH-CAS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERESA SHALONDA ALBRITTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 31, 2013)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Teresa Shalonda Albritton pled guilty to conspiracy to commit fraud in connection with counterfeit credit cards or other access devices, in violation of 18 U.S.C. §§ 371, 1029(a)(1), (b)(2), and (c), and a substantive fraud offense, 18 U.S.C. 1029(a)(1) and (c).  The District Court sentenced her to concurrent prison terms of 87 months, at the low end of the Guidelines sentence range.  She now appeals her sentences, contending that they are unreasonable because the District Court erred procedurally by failing to adequately explain her sentences and discuss the purposes of sentencing set out in 18 U.S.C. § 3553(a).  She also contends that her sentences are unreasonable substantively because the record did not provide the court with sufficient facts to properly compute the Guidelines sentence range.  We affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *See Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  We first consider whether the District Court committed a procedural error, such as failing to calculate, or improperly calculating, the Guidelines sentence range, failing to consider the § 3553(a) sentencing purposes, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the sentences imposed.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  Regarding the § 3553(a) purposes, we note that the court was not required to recite a laundry list of those purposes.  *United States v. Ellisor*, 522 F.3d 1255, 1278 (11th Cir.

2008).  Rather, the court's explicit acknowledgment that it considered the defendant's arguments and the § 3553(a) purposes is sufficient to demonstrate that it adequately and properly considered such purposes.  *Id.*

In imposing a sentence, the court must state in open court the reasons for the sentence.  18 U.S.C. § 3553(c); *see United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008).  The court should set forth enough to satisfy this court on appellate review that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority.  *Id.*  The court was not required to "incant the specific language used in the guidelines" or "articulate its consideration of each individual § 3553(a) factor," so long as the record reflects that the court considered such factors.  *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006).

After we determine that a sentence is procedurally sound, we consider whether it is substantively reasonable by examining the totality of the circumstances before the court at sentencing and whether the § 3553(a) purposes support the sentence imposed.  *United States v. Gonzalez*, 550 F.3d 1319, 1323-24 (11th Cir. 2008).  The sentence must be sufficient, but not greater than necessary, to comply with those purposes, including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal

conduct.  *See* 18 U.S.C. § 3553(a).  Also to be considered are the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

Having reviewed the record before the District Court at sentencing, we find no basis for holding Albritton's sentences procedurally unreasonable.  First, the court specifically stated that it had considered the § 3553(a) purposes; that is sufficient to demonstrate that the court adequately and properly considered them. *See Ellisor*, 522 F.3d at 1278.  Second, the court stated on the record the reasons for the sentences and explained that they were appropriate in light of the Guidelines sentence range, Albritton's participation in the criminal scheme, her codefendant's sentence, and her failure fully to accept responsibility for her actions.  *See* 18 U.S.C. § 3553(a)(1), (3)-(7).  Moreover, the court acknowledged Albritton's role as a mother and stated that her status as a parent did not warrant lesser sentences.  In sum, the court appropriately considered the § 3553(a) purposes of sentencing and the reasons for Albritton's sentences.

AFFIRMED.

4