[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14981
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00301-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY RICHARD READMAN, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 17, 2014)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Billy Richard Readman, II appeals his 300-month sentence for possession and receipt of child pornography.  After review of the record and the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

According to the pre-sentence investigation report, in 2010 Mr. Readman began frequenting the home of his daughter, who resided with her husband and children.  Unbeknownst to his daughter, Mr. Readman, as a convicted sex offender, was not allowed to be near her or her children.  In November of 2011, while at his daughter's house, Mr. Readman raped his granddaughter, a minor in the third trimester of pregnancy.[1]

Mr. Readman's daughter and son-in-law subsequently discovered and reported the presence of child pornography on their computer.  Police seized the computer and external file storage devices and determined that they contained hundreds of images and videos depicting minor girls engaged in various sexual acts, including images of sadomasochistic abuse, violence, and bestiality.

---

[1]  Mr. Readman initially objected to the pre-sentence investigation report's characterization of his grand-daughter's rape, but withdrew his factual challenge and merely contested the relevancy of this purported conduct at sentencing.

2

Mr. Readman was charged with and later pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), as well as possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Taking into account the nature of his conduct and his criminal history, which included a 1993 prison sentence for sexually abusing his daughter, the pre-sentence investigation report assigned Mr. Readman a total adjusted offense level of 35, a criminal history category of III, and an advisory guidelines imprisonment range of 210 to 262 months.

At sentencing, the district court heard testimony from Mr. Readman's daughter regarding the profound and lingering impact of the sexual abuse she suffered and the rape of her own daughter at Mr. Readman's hands, and her fears that Mr. Readman might engage in similar conduct in the future. After hearing argument from both sides, the district court granted the government's request for an upward variance and imposed a total 300-month prison sentence to be followed by a lifetime term of supervised release. The district court explained its decision to depart upward on the record:

> I've considered the Guidelines and I've considered the statutory purposes of sentencing. And frankly, in your case, Mr. Readman, I find that the Guidelines are insufficient and I intend to sentence you as the government asks, to an upward departure or variance of 300 months . . . I find that the advisory guideline range is not appropriate to the facts and circumstances of this case and that the sentence imposed provides for a reasonable sentence, given the statutory purposes of sentencing. The Court sentences above the guideline

3

range based on the factors the Court has considered, based on the testimony the Court has heard, and based upon all of the information in the presentence report. The sentence imposed does address the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation.

On appeal, Mr. Readman challenges the procedural reasonableness of his sentence, arguing that the district court provided an insufficient explanation for its decision to grant the government's request for an upward variance and sentence him above his advisory guidelines range.

## II

We review the reasonableness of a sentence for abuse of discretion. *See United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). Even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, we will only reverse if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the

4

range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

We review the sufficiency of the district court's explanation of its sentence de novo. *See United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006). "If, after correctly calculating the Guidelines range, a district court decides that a sentence outside that range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations omitted). The district court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court need not discuss each of the § 3553(a) factors on a piecemeal basis to satisfy this standard, as long as it generally considered the factors as a whole. *See United States v. Flores*, 572 F.3d 1254, 1271 (11th Cir. 2009) (affirming procedural reasonableness of sentence where the "district court explicitly stated that it considered the § 3553(a) factors").

### III

The district court sufficiently justified its decision to impose a 38-month (or 14 percent) upward variance from the top end of the advisory guidelines range. Its explanation on the record indicates that it considered the emotional testimony of

5

Mr. Readman's daughter (whom he had sexually abused two decades before and whose own daughter he had raped), considered the § 3553(a) factors, considered the statutory purposes of sentencing, considered the seriousness of Mr. Readman's crime, and considered the information contained in the pre-sentence investigation report.  Under these circumstances, the district court "adequately explain[ed] [its] chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007).[2]

## IV

Mr. Readman's 300-month sentence is affirmed.

**AFFIRMED**.

---

[2] Mr. Readman also argues that the district court erred by failing to explain its reasons for rejecting the arguments that he raised in his sentencing memorandum.  The record, however, makes clear that the district court heard argument from both Mr. Readman and the government on the most appropriate sentence, and it was not required to set out its rationale for its ruling on every sentencing argument before it.  *See Rita,* 551 U.S. at 356 ("we cannot read [§ 3553] (or our precedent) as insisting upon a full opinion in every case.").