[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10179
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00316-SCB-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE LAVAN HARRISON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 17, 2015)

Before MARCUS, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Jermaine Harrison appeals his 151-month total sentence, imposed after he pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Defendant argues that his sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors because although his history and personal characteristics justified a downward variance, the district court placed undue emphasis on his criminal history and the need to protect the public.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first to whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Id.*  Although in choosing the sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately.  *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006).  The party challenging the sentence bears the burden of showing that it is unreasonable.  *Pugh*, 515 F.3d at 1189.  We

---

[1] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

Here, Defendant has identified no procedural errors nor has he shown that his sentence is substantively unreasonable. Defendant's 151-month total sentence is at the low end of the advisory guideline range of 151 to 188 months' imprisonment. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable). Additionally, Defendant's sentence on each § 922(g)(1) count does not exceed the 120-month statutory maximum under 18 U.S.C. § 924(a)(2).[2] *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

Before denying Defendant's request for a 120-month total sentence, the district court engaged in a lengthy discussion with Defendant about his troubled background, mental health issues, and lengthy criminal history. Specifically, the court acknowledged Defendant's "tragic background," his lack of education, the

---

[2] As noted previously, Defendant was convicted of two counts of being a felon in possession of a firearm. The district court sentenced Defendant to 120 months' imprisonment on the first count and 31 months' imprisonment on the second count, to run consecutively.

3

fact that he had constantly been in and out of prison, and Defendant's mental problems and continued drug use.  However, the district court ultimately concluded that given Defendant's lengthy and escalating criminal history and his failure to have ever functioned independently, a within-guideline sentence was appropriate. Although the district court did not believe Defendant's mental health issues and drug use warranted a downward variance, the court took them into account in recommending that Defendant receive mental health counseling and intensive drug treatment while incarcerated.

Defendant has certainly had a troubled life.  His mother died when he was 9 years old and he was shuffled from one family member to another.  He never finished school, suffers from bipolar schizophrenia,[3] and has used drugs to self-medicate.  But we discern no abuse of discretion in the district court's determination that these facts did not warrant a downward variance when balanced against Defendant's demonstrated tendency to commit further crimes soon after release from prison, his lengthy criminal history, and the escalating severity of his criminal conduct.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks

---

[3]  Despite this diagnosis and the discussion about Defendant's functional ability, a psychiatrist evaluated Defendant and determined that he was competent to stand trial, and Defendant's counsel had no doubts about Defendant's competency at the time of sentencing.

omitted)).  Specifically, Defendant committed the present offenses within eight months of being released from prison for a prior drug possession conviction. Defendant also has a criminal history that spans from 2001 to the present and that includes numerous convictions for burglary, theft, traffic violations (driving without a proper license), and possession of controlled substances.  As a result of these convictions, Defendant's criminal history score was 19, which is six points higher than the minimum required for a criminal history category of VI.  *See* U.S.S.G. Ch. 5 Pt. A.  Moreover, Defendant's criminal conduct has progressed from drug possession to selling guns and drugs.  As the district court acknowledged, such ongoing criminal behavior raises obvious concerns that Defendant will likely continue to commit crimes and to pose a danger to his community.

Contrary to Defendant's argument, the district court's statement that it was "warehousing" Defendant because of his continuous commission of crimes and the court's inability to find any other means to prevent Defendant from committing future crimes does not render Defendant's sentence unreasonable.  As Defendant's counsel acknowledged, it is difficult to find a place other than prison where Defendant can function mentally and be prevented from committing further crimes.

For all these reasons, Defendant has not met his burden to show that his 151-month total sentence is substantively unreasonable.

**AFFIRMED.**