[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14653
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00268-CEM-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMUS DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 6, 2019)

Before WILLIAM PRYOR, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Jamus Dixon appeals his 188-month total prison sentence, at the bottom of the guideline range, for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, Dixon argues that the district court's sentence was (1) procedurally unreasonable because the court failed to adequately explain the sentence and meaningfully consider the 18 U.S.C. § 3553(a) factors, and (2) substantively unreasonable because the court improperly weighed the § 3553(a) factors and committed a clear error in judgement when considering the proper factors.  We hold that Dixon's sentence was both procedurally and substantively reasonable and therefore affirm.

## I

Dixon first argues that the district court's sentence was procedurally unreasonable.  We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Where, however, a defendant alleges that a sentence has not been adequately explained as required by 18 U.S.C. § 3553(c)(1), we review the issue *de novo*. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).  When reviewing a sentence, we first ensure that the district court committed no significant procedural errors, including failure to adequately explain the chosen sentence and failure to consider the § 3553(a) factors.  *Gall*, 552 U.S. at 51.  The party challenging the

2

sentence bears the burden of proving that the sentence is unreasonable. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public" from the defendant's future criminal conduct. 18 U.S.C. § 3553(a).  In imposing a particular sentence, the court must also consider "the nature and circumstances of the offense," the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, and "the need to provide restitution" to victims. *Id.*

In explaining its reasons for imposing a sentence, the district court need not discuss each statutory factor. *See United States v. Irey*, 612 F.3d 1160, 1194–96 (11th Cir. 2010) (en banc).  A court's failure to explicitly discuss mitigating evidence presented by the defendant does not render a sentence unreasonable where the court indicates that it considered all of the § 3553(a) factors. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).  When the sentence falls "within the advisory Guidelines range," the district court generally does not have to "give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission." *United States v. Livesay*, 525 F.3d

1081, 1090 (11th Cir. 2008) (citation omitted).  A district court's clear acknowledgement that it has considered the parties' arguments and the § 3553(a) factors is a sufficient explanation.  *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009).

Here, the district court did not err in imposing Dixon's sentence because the district court adequately considered the § 3553(a) factors and explained its sentence.  The district court referenced Dixon's history and personal characteristics, the severity of his offense conduct, and his criminal history, specifically discussing how it was balancing Dixon's traumatic childhood against his criminal history and gun possession.  Additionally, after imposing the sentence, the district court explicitly stated that it had considered all of the § 3553(a) factors, which is a sufficient explanation for a sentence within the guideline range.  *See Livesay*, 525 F.3d at 1090.

Because the district court stated that it had considered all of the § 3553(a) factors, it was not required to discuss each factor or discuss mitigating evidence (including Dr. Cohen's testimony and his diagnosis of Dixon).  *See Irey*, 612 F.3d at 1194–95; *Amedeo*, 487 F.3d at 833.  Cohen's testimony and Dixon's psychological diagnosis fell under the § 3553(a) factors applicable to personal characteristics and history, which the district court stated that it had considered.  Although the district court did not specifically say that it had considered Cohen's

testimony and Dixon's diagnosis, the district court discussed "the credible testimony from [Dixon's] sister" regarding Dixon's personal and family history—which largely overlapped with Cohen's testimony on those subjects—and explained that there was a correlation between Dixon's upbringing and his behavior. This indicates, contrary to Dixon's arguments, that the district court considered Cohen's testimony and Dixon's psychological diagnosis because Dixon's upbringing and behavior formed the basis for that evidence.

Because the district court's explanation was sufficient and it properly considered the § 3553(a) factors, Dixon's sentence was procedurally reasonable. We affirm as to this issue.

## II

Dixon next argues that his sentence was substantively unreasonable. We review this challenge under the abuse-of-discretion standard, which is deferential. *Gall*, 552 U.S. at 41. Where a defendant challenges a sentence's substantive reasonableness, he has the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

5

of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190

(quotation marks and citations omitted).  "The weight to be accorded any given

§ 3553(a) factor is a matter committed to the sound discretion of the district court,

and we will not substitute our judgment in weighing the relevant factors."

*Amedeo*, 487 F.3d at 832 (quotation marks and citation omitted).  A sentence may

be unreasonable when a district court attaches too great a weight to a single factor,

and we will review the totality of the circumstances to ensure the sentence is

substantively reasonable.  *United States v. Pugh*, 515 F.3d 1179, 1192 (11th Cir.

2008).  A sentence "imposed well below the statutory maximum" is indicative of a

reasonable sentence.  *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir.

2014).

The district court did not abuse its discretion in imposing Dixon's sentence.

The district court found that Dixon's criminal history, his possession of a gun as a

convicted felon, and his previous crime involving a gun outweighed his difficult

upbringing.  While Dixon argues that the district court placed too much weight on

his prior robbery offense and his gun possession, the totality of the circumstances

shows that his sentence was substantively reasonable.  The district court properly

concluded that 188 months' imprisonment was necessary to reflect the seriousness

of Dixon's offense and protect the public from future criminal conduct because he

was previously convicted for violent crimes and, in this case, also possessed a gun.

Dixon's assertion that the district court failed to consider evidence of his psychological diagnosis is belied by the record, as the district court stated it had considered all of the § 3553(a) factors (which would have included that diagnosis). Furthermore, Dixon's 188-month sentence is far below the top of the guideline range (235 months) and the statutory maximum (40 years). *See Dougherty*, 754 F.3d at 1362. Because the record does not support a "definite and firm conviction" that the district court imposed a substantively unreasonable sentence, *see Irey*, 612 F.3d at 1190, we affirm as to this issue.

## III

In sum, the district court adequately explained Dixon's sentence and considered the § 3553(a) factors. It also properly weighed Dixon's offense conduct and criminal history against his traumatic upbringing. Accordingly, Dixon's sentence was both procedurally and substantively reasonable.

**AFFIRMED.**