[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11230

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BARRY D. HARRELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00070-TKW-1

_____

Before WILSON, JORDAN, and TJOFLAT, Circuit Judges.

PER CURIAM:

Barry D. Harrelson appeals his 360-month total sentence for five counts of possession of a controlled substance with intent to distribute and one count of possession of a firearm as a convicted felon. He presents three arguments on appeal. First, he argues that the District Court erred by overruling his objection to an obstruction-of-justice enhancement—because his relevant conduct did not relate to the instant offense—and failing to apply an acceptance-of-responsibility reduction—because the Court incorrectly denied the reduction due to its denial of the obstruction-of-justice enhancement. Second, he argues the District Court erred by overruling his objection to his designation as an armed career criminal offender under the Armed Career Criminal Act ("ACCA") because three of his ACCA predicates should have only counted as one predicate. Third, he argues that his total sentence was procedurally and substantively unreasonable because the Court did not consider his cooperation with the Government and weigh all of the relevant 18 U.S.C. § 3553(a) factors when determining his total sentence.

## I.

On August 19, 2020, a federal grand jury indicted Harrelson with five counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1) and 924(a)(2).  Harrelson then entered into a plea and cooperation agreement with the Government wherein Harrelson would act as a confidential source in the months prior to his trial. However, after Harrelson subsequently violated the conditions of his release when he sold heroin to a confidential police informant on December 2, 2020, the Government withdrew from the plea and cooperation agreement.  Harrelson then pled guilty to all five counts in his indictment.

Harrelson's presentence investigation report ("PSR") assigned him a base offense level of 34, pursuant to U.S.S.G. § 2D1.1.(a)(5), because he possessed the equivalent of 23,751.35 kilograms in concerted drug weight of heroin, fentanyl, cocaine, and methamphetamine. The PSR then added two levels because a firearm was found alongside the drugs, pursuant to U.S.S.G. § 2D1.1(b)(1), and two levels because Harrelson's home was used to distribute controlled substances, pursuant to U.S.S.G. §§ 2D1.1(b)(12).  It added three more levels, pursuant to U.S.S.G § 3B1.1.(b), because Harrelson was a supervisor of a criminal activity that involved five or more participants.  The PSR added two more levels, pursuant to U.S.S.G. § 3C1.1, because Harrelson obstructed the administration of justice with respect to the investigation and sentencing of the instant offense by selling narcotics outside the Court's approved agreement with the Government.  Finally, the PSR denied Harrelson an acceptance-of-responsibility reduction because it found he had illegally sold narcotics while on pretrial

release following his indictment in this case. Harrelson's total offense level topped out at 43.

Next, the PSR found that Harrelson had at least three prior convictions for violent felony or drug offense and therefore classified him as an armed career criminal subject to an enhanced sentence under 18 U.S.C. § 924(3) and U.S.S.G § 4B1.4(b)(1). This caused his criminal history category to increase from IV to VI. The resulting guideline range was life imprisonment.

Prior to sentencing, Harrelson objected to the PSR, arguing that it (1) wrongfully assigned a two-level enhancement for obstruction of justice despite the cited conduct being unrelated to the instant offenses; (2) failed to reduce his offense level for accepting responsibility, despite his cooperation with the Government; and (3) wrongfully classified him as an armed career criminal under ACCA because there was insufficient evidence to classify the first three convictions as separate criminal episodes—and therefore separate predicates—under the statute.

The Government argued in response that (1) the obstruction-of-justice enhancement was proper because Harrelson had violated the terms of his cooperation agreement and impeded further investigation in his case; (2) the acceptance-of-responsibility reduction was properly rejected both because receiving an obstruction-of-justice enhancement ordinarily indicates a defendant is ineligible for an acceptance reduction and because the fact he committed a crime while on release suggested he truly did not accept

responsibility; and (3) the ACCA enhancement was proper because his predicates occurred on different dates and at different locations.

At sentencing, the District Court considered the parties' objections and arguments. Ultimately, the Court overruled Harrelson's objections. The Court found that the appropriate offense level was 43, the appropriate criminal category was VI, and that the suggested guideline range was life imprisonment. The Court then pointed out that even if it were to have sustained all of Harrelson's objections, the guideline range would have been 324 to 405 months—between 27 and 33 years.

In reaching its sentencing decision, the Court emphasized its duty to consider the § 3553(a) factors. It found that Harrelson's offense conduct was "extremely serious" and noted that while his troubled childhood helped explain his criminal history, it did not excuse it. The Court then stated that it found both the recommended guideline sentence of life and the 15-year mandatory minimum under ACCA would be inappropriate in Harrelson's case. Importantly, it stated that even if it had sustained all of Harrelson's guideline objections, the guideline range would have been 324 to 405 months and that it was this range that the Court viewed as appropriate. The Court clarified that it believed the guideline range taking Harrelson's objections into account was "a more reasonable range as to where I should be looking under these circumstances, and its consistent with my thinking, *even apart from the Guidelines here*." The Court then concluded that a "total sentence of 30 years in prison" was sufficient but not greater than necessary to achieve

6                    Opinion of the Court                21-11230

a just result.  The Court described the sentence as "well deserved and well earned under the circumstances of this case, even taking into account the mitigation that I've described."  Harrelson now appeals.

## II.

Harrelson first argues that the District Court erred with respect to its application of the obstruction-of-justice enhancement and its denial of the acceptance-of-responsibility reduction.  We review a "district court's factual findings for clear error and . . . the application of the factual findings to the sentencing guidelines *de novo*."  *United States v. Doe*, 661 F.3d 550, 556 (11th Cir. 2011); *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004).  Under Fed. R. Crim. P. 52(a), any error that does not affect substantial rights is harmless and must be disregarded.  Non-constitutional errors are harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence or had but very slight effect.  *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005).

Additionally, in *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006), we indicated we "need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable."  *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (emphasis added).  In those circumstances, any error in the Guidelines calculation is harmless. *See id.*; *Molina-Martinez v. United States*, 578 U.S. 189, 199 (2016).

Here, it is not necessary for us to resolve whether the District Court erred with respect to its application of the obstruction-of-justice enhancement or its denial of acceptance-of-responsibility reduction. The District Court suggested that it would have imposed the same total sentence even if it had sustained Harrelson's sentencing objections. As discussed later, his sentence was also substantively reasonable. Therefore, under *Keene*, any error the District Court may have committed regarding the enhancements and reductions was harmless.

## III.

Harrelson next argues that the District Court erred by overruling his objection to his designation as an armed career criminal offender under the Armed Career Criminal Act ("ACCA") because three of his ACCA predicates should have only counted as one predicate. Under ACCA, a defendant convicted of being a felon in possession of a firearm under § 922(g) who has three or more prior convictions for a "violent felony" faces a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e)(1). For a defendant to receive an ACCA enhancement, the government must prove by a preponderance of the evidence that the defendant's prior convictions arose out of at least three separate and distinct criminal episodes. *United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016). When determining the number of ACCA predicates, "so long as some temporal 'break' occurs between the two crimes, they will be held to constitute distinct criminal episodes" under ACCA "if the perpetrator had a meaningful opportunity to desist his activity before

committing the second offense." *United States v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998). Further, "distinctions in the timing and location of the events in question are central to the determination that they are separate and distinct criminal episodes." *McCloud*, 818 F.3d at 595.

Here, we conclude that Harrelson's challenge to the ACCA enhancement of his Count 6 sentence fails for two reasons. First, as noted prior, any error was harmless under *Keene* because the District Court suggested that it would have imposed the same total sentence even if it had sustained Harrelson's objection, and his total sentence was substantively reasonable. Second, his challenge fails because his prior convictions were distinct in time and location, and therefore were distinct predicates. His three offenses occurred on three different dates and times: in October 2005, November 2005, and January 2006. The breaks of at least one month between each offense satisfies the temporal-break requirement under ACCA. *See Pope*, 132 F.3d at 690. These three controlled buys also all took place at separate locations and involved different quantities of drugs. Therefore, the District Court did not abuse its discretion by classifying Harrelson's separate offenses and separate predicates.

## IV.

Finally, Harrelson argues that his total sentence was procedurally and substantively unreasonable because the court did not consider his cooperation with the Government and weigh all of the relevant 18 U.S.C. § 3553(a) factors when determining his total

sentence.  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.[1]  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, (2007).  In reviewing a sentence for reasonableness, we first consider whether the district court committed any significant procedural error and next whether the sentence was substantively reasonable.  *Id.* at 51, 128 S. Ct. at 597.

A sentence is procedurally unreasonable if a district court commits an error "such as failing to . . . adequately explain the chosen sentence . . . ."  *Id.*  Section 3553(c) requires that "[t]he sentencing judge . . . set forth [sufficient reasoning] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  However, a lengthy explanation is not needed in every case.  *Id.*  Procedural reasonableness does not require that a court recite or discuss each of the § 3553(a) factors.  *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006).

---

[1] "[A] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The appellant has the burden of proving that the "sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Here, Harrelson's total sentence was procedurally reasonable. The District Court acknowledged at sentencing that it considered the § 3553(a) factors and explained the process by which it reached his total sentence. The Court explicitly stated that it considered both Harrelson's post-agreement drug deal's effect and his government cooperation's effect on the total sentence. Although the Court acknowledged that the December 2020 deal "undid" the good from his cooperation, it also explicitly stated that it considered both the December 2020 deal's effect and his cooperation's effect on the total sentence. Therefore, the total sentence was procedurally reasonable because the Court looked to relevant factors in making its determination, such as Harrelson's cooperation with the Government, and sufficiently explained its sentencing determination process.

Substantive reasonableness is determined by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available,

the sentencing guidelines range, pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

We will only vacate a defendant's sentence as unreasonable if is it "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Overstreet*, 713 F.3d 627, 637 (11th Cir. 2013) (quoting *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009)). We will not second guess the weight that the district court gave to a § 3553(a) factor so long as the sentence is reasonable in light of all the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Here, the District Court explicitly considered and weighed the § 3553(a) factors. Further, we ordinarily expect a within-range sentence to be substantively reasonable, and Harrelson's 360-month total sentence was well below the applicable guideline range, which called for life imprisonment. The fact that the court varied downward before issuing a below-range total sentence and said that the sentence was "well deserved . . . even taking into account the mitigation that I've described" suggested that the court incorporated Harrelson's mitigation arguments into the final sentencing determination. Therefore, the District Court did not abuse

12                    Opinion of the Court                    21-11230

its discretion because Harrelson's total sentence was both substantively and procedurally reasonable.

Accordingly, the judgment of the District Court is

**AFFIRMED.**