[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13087

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD ALEXANDER WEST,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:21-cr-00034-AW-GRJ-1

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Richard Alexander West (who goes by the name Alex and uses the pronouns she/her/hers) appeals the 90-month sentence the district court imposed after she pled guilty to receiving and distributing child pornography. West challenges her sentence as procedurally and substantively unreasonable. Because the district court did not abuse its discretion in imposing the 90-month sentence, we affirm.

## I.

In 2021, a grand jury returned an indictment charging West with one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). West pled guilty to the receipt and distribution count, and the government agreed to dismiss the possession count.

As part of the plea agreement, West admitted to receiving child pornography through the internet and using the internet to distribute child pornography to others. The plea agreement also described that when law enforcement officers searched West's phones, they found thousands of files of child pornography, including hundreds of images that involved violence, sadomasochism, or bestiality and hundreds of images that involved toddlers or infants.

At the sentencing hearing, the district court calculated West's total offense level as 34. This total offense level, when combined with West's criminal history category of I, yielded a recommended Sentencing Guidelines range of 151 to 188 months' imprisonment.

West requested that the court grant a downward variance and impose a sentence of 60 months, which was the statutory mandatory minimum. She argued that several of the sentencing factors set forth at 18 U.S.C. § 3553(a)[1] supported such a variance.

In arguing for a downward variance, West pointed to her history and characteristics. West, who was 23 when sentenced, is a transgender woman who was assigned the sex of male at birth. As a child, West was required to suppress her gender identity and was subjected to physical and sexual abuse. She was exposed to pornography, including child pornography, at a young age.

---

[1] Under § 3553(a), a district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. Id. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. Id. § 3553(a)(1), (3)-(7).

West also argued that the circumstances of her crime supported a downward variance. When she was 12 years old, she began to participate in internet chatrooms where she would engage in sexual conversations with adult males while pretending to be an adult female. These chatrooms required participants to share child pornography to prove that they were not affiliated with law enforcement. Although West stopped visiting these chatrooms for several years, she began to visit them again in 2019, when she was an adult. West asked the district court to consider that she possessed child pornography to gain access to these chat rooms, not because she was sexually attracted to children.

Further, West urged the court to grant a downward variance because she was unlikely to commit future crimes, and thus a lengthy period of incarceration was not needed to protect the public. After her arrest, she actively participated in intensive therapy sessions with a therapist experienced in treating sexual offenders.[2] The therapist opined that West was not a harm, danger, or threat to the community but did need ongoing support and therapeutic intervention. According to the therapist, West's criminal actions were not done "for the purpose of deviantly exploiting others and young minors in particular, but as a way to cope using [her] own misguided resources." Doc. 46 at 14.[3] While awaiting sentencing, West was evaluated by a licensed psycholo-

---

[2] After her arrest, West was released on bond pending trial.

[3] "Doc." numbers refer to the district court's docket entries.

gist who concluded that West had a "very low" risk of committing future sex crimes and that she was not a pedophile or sexually attracted to children. Doc. 60 at 16.

West asked the district court also to consider, in crafting a sentence, the safety concerns that she would face as a transgender woman in prison. West acknowledged that the Bureau of Prisons was doing a better job of considering the rights of transgender individuals who were incarcerated, but she requested that the court take into account that she would "be more vulnerable than the average defendant." *Id.* at 57. The psychologist who evaluated West also described in detail the extra medical care associated with her transitioning and hormone therapy that she would need while incarcerated.

West addressed the court at the sentencing hearing. She apologized for her criminal actions and stated that she was "tak[ing] accountability" for distributing photos and videos that exploited children. *Id.* at 61.

The government acknowledged West's "very genuine remorse" for her crimes and agreed that a downward variance was appropriate. *Id.* at 70. But it took no position on the length of the sentence the court should impose.

The government noted that the court also had to consider the seriousness of West's criminal conduct, which involved the distribution and receipt of child pornography. The government emphasized that the child pornography West possessed included "sadistic and horrifying images." *Id.* at 65. And although West

suggested that she possessed the child pornography only to gain access to chat rooms, the government pointed out that the quantity of child pornography she possessed far exceeded the number of images that she would have been required to share to enter those chat rooms.

Ultimately, the district court imposed a custodial sentence of 90 months followed by a lifetime term of supervised release. The court explained that the custodial sentence involved a "substantial" downward variance from the guidelines range but was longer than what West had requested. *Id.* at 70. The court stated that this was a "difficult" case where there was both "a lot of mitigation" and "a lot of aggravation." *Id.*

With regard to the aggravating factors, the court mentioned the "seriousness of the conduct" as well as the "need to provide adequate punishment and the need to deter other people." *Id.* at 71. The court emphasized the "egregious" nature of some of the images, which were "on a different level even than many other cases." *Id.* The court noted that the case involved a "substantial volume of" images as well as distribution, not just possession, of child pornography. *Id.* at 72. With regard to deterrence, the court explained that it was considering not just the need to deter West but the need for "general deterrence" to prevent others from committing similar crimes in the future. *Id.*

The court also discussed the mitigating factors that supported a shorter sentence. It focused on West's history and characteristics, including her "difficult upbringing" and the fact that

22-13087                Opinion of the Court                7

she sought out mental health treatment. *Id.* The court also found that she was "genuinely remorseful" for her conduct, which was a "strong mitigator." *Id.* at 73. And the court considered West's vulnerability in prison given her status as a transgender woman. Ultimately, "after consider[ing] everything that both sides said," the court concluded that any sentence shorter than 90 months "would be insufficient." *Id.* at 75.

This is West's appeal.

## II.

We review the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Reviewing the reasonableness of a sentence is a two-step process. "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors. *Id.*

## III.

On appeal, West challenges her 90-month sentence as procedurally and substantively unreasonable.

We begin with West's challenge to the procedural reasonableness of her sentence. "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory,

fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). Importantly, a lengthy explanation is not required in every case. *See Rita v. United States*, 551 U.S. 338, 356 (2007). And a district court is not required to recite or discuss each of the § 3553(a) factors. *See United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006). Instead, a court's "explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately and properly considered those factors." *United States v. Ellisor*, 522 F.3d 1255, 1278 (11th Cir. 2008).

West argues that her sentence was procedurally unreasonable because the district court did not "adequately" and "proper[ly]" consider the § 3553(a) factors. Appellant's Br. at 17. According to West, the district court insufficiently considered the nature and circumstances of the offense and her history and characteristics. We disagree. The sentencing hearing transcript reflects that the district court considered these factors. It looked at the nature and circumstances of the offense, mentioning the seriousness of the offense as well as the nature and quantity of images that West possessed and distributed. And it considered West's personal history and characteristics when it discussed, among other things, her difficult upbringing. In addition, the district court expressly acknowledged that it had considered all of West's arguments. On the record before us, we conclude that the district court adequate-

ly and properly considered the § 3553(a) factors; thus, there was no procedural error. *See Ellisor*, 522 F.3d at 1278.

We now turn to West's challenge to the substantive reasonableness of her sentence. Even though the district court imposed a substantial downward variance, West nonetheless argues that her sentence was substantively unreasonable and should have been shorter. She says that the district court failed to give sufficient weight to her status as a transgender woman and gave too much weight to the nature of the images.

We will reverse a sentence for substantive unreasonableness "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). Importantly, "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). In addition, "[w]e ordinarily expect that a sentence falling within the guideline range will be reasonable, and a sentence imposed well below the statutory maximum penalty indicates reasonableness." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (internal quotation marks omitted).

After considering the facts of this case, we are not left with a definite and firm conviction that the district court committed an

error of judgment when it weighed the § 3553(a) factors and imposed a 90-month sentence. Although West challenges the weight the district court assigned to certain § 3553(a) factors, the court had discretion to determine how much weight to assign to each factor. *See Croteau*, 819 F.3d at 1310. In addition, West's 90-month sentence was below her advisory guidelines range and the statutory maximum for her offense of conviction, which further supports the conclusion that her sentence was reasonable. *See Woodson*, 30 F.4th at 1308.

Accordingly, we affirm.

**AFFIRMED.**